[No. 3,939.]

## M. G. GRIFFITH ET·AL. *v.* FERDINAND GRUNER.

ARGUMENT OF MOTION FOR NEW TRIAL.---Under the provisions of the Practice Act prior to the adoption of the Code of Civil Procedure, either party could notice for argument a motion for new trial, and if the party opposing the motion neglect to bring up the motion for argument, he could not complain of the neglect of the other party, and could not claim that the motion be dismissed because the moving party failed to bring on the argument.

SERVICE OF NOTICE.---Under the Practice Act, as it existed before the adoption of the Code of Civil Procedure, a notice to take a deposition was required to be served on the attorney of the other party, even if he lived out of the county where the case was pending. A service on the party himself was not sufficient.

EJECTMENT brought in the county of El Dorado to recover a mining claim. The plaintiffs served notice on the defendant, at El Dorado County, that they would, on the 9th day of May, 1871, take the deposition of G. M. Adams, before E. V. Joice, a Notary Public, at his office in San Francisco.

*A. P. Dudley* and *Mulville,* who reside in San Francisco, were the defendant's attorneys.

The defendants, on the trial, objected to the deposition being received in evidence, because it was not served on the attorneys. The Court overruled the objection. The

record did not show that the defendant appeared on the taking of the deposition.

The defendants filed a statement on motion for a new trial, and the same was settled by the Court, on the 7th day of June, 1871. On the 20th day of November, 1872, the plaintiff's attorneys moved the Court to dismiss the application for a new trial, because the same had not been presented or brought on for a hearing with due diligence. The motion to dismiss, and the motion for a new trial, were, by consent of attorneys, submitted together. The Court made an order dismissing defendant's motion for a new trial, and denying the same. The defendant appealed from the order denying a new trial, and from the order dismissing his motion for a new trial.

*G. F. & W. H. Sharp,* for the Appellant, argued that notice of the taking of the depositions should have been served on defendant's attorneys, and cited Prac. Act, secs. 428 and 524; *Dye* v. *Bailey,* 2 Cal. 383; and *Younger* v. *Mayor of San Jose,* 29 Cal. 147; and that the Court erred in dismissing the motion for a new trial.

*Geo. G. Blanchard,* and *Geo. E. Williams,* for the Respondents, argued that the Court did not err in dismissing the motion for a new trial; and cited *Boggs* v. *Clark,* 37 Cal. 236; *Stoyell* v. *Cole,* 19 Cal. 605; and *Jenkins* v. *Frink,* 27 Cal. 339. As to the service of the notice, they argued that section 524 of our Practice Act was taken in part from section 415 of the N. Y. Code, which applied only where the party lived out of the State, and that our Practice Act should receive the same construction, and applied only where the party lived out of the State.

By the COURT:

We are of the opinion that, under the provisions of the Practice Act, prior to the adoption of the Code of Civil Procedure, either party could notice for argument a motion for new trial, and if the party opposing the new trial neglected

to bring on such motion, he waived his objection to any delay.

Treating the order appealed from in this case as an order denying a new trial, on the ground that the motion was not made at the earliest practicable period, the District Court erred in deciding that the moving party was alone responsible for the delay.

On the trial, the plaintiff offered to read in evidence the deposition of G. M. Adams. The plaintiff had procured an order shortening the time of notice of the taking of such .deposition to three days. The witness resided in San Francisco, as did also the attorney for the defendant. The notice was not served on the defendant's attorneys, but was served on the defendant personally in El Dorado county, where the defendant lived. When the deposition was offered, the precise objection was made by defendant's attorneys, that the notice was not served upon them. The Court below overruled the objection, to which defendant duly excepted. The objection should have been sustained, as by the Practice Act all notices were required to be served on the attorney, where a party appeared by attorney, and we have repeatedly held that in such cases a service on the party personally is not sufficient.

Order appealed from reversed, and the Court below directed to grant a new trial. Remittitur forthwith.