WHITESIDE ET AL., appellants, *v.* LEBCHER, respondent.

MECHANIC'S LIEN. — *A subcontractor must notify the owner, of the particular sum at which the materials to be furnished are valued.* — In this case, the evidence failed to show that a subcontractor, seeking to maintain and enforce a lien for materials furnished on certain premises, under sections 821 and 823, division 5, Revised Statutes of Montana, had ever notified the owner thereof of any particular sum at which said materials were valued. *Held,* that under the two sections aforesaid it was essential that the owner should have been notified before, or at the time the materials were being furnished, of their probable value, estimated and specified at a fixed sum.

PLEADING. — *A complaint on a mechanic's lien held defective.* — The complaint in the case at bar failed to allege that the plaintiff had notified defendant of the particular sum at which the materials claimed to have been furnished were valued before or at the time they were furnished. *Held,* that under sections 821 and 823, division 5, Revised Statutes of Montana, such an allegation in the complaint, and proof thereof, were necessary to warrant the enforcement of the lien. *Held, also,* that such a defect could be objected to and taken advantage of for the first time in the supreme court.

MECHANIC'S LIEN. — *A description in a notice of lien held sufficient.* — The description of the premises in the notice of lien in this action was as follows: "The building hereinafter described, which said debt is claimed to be a lien against the said building and the lot of ground upon which said building was erected and now stands; that said lot is known and described as lot 8, in block 32 of the town of Miles City, county and territory aforesaid, as platted and filed for record in the office of the recorder of deeds of said county and territory." *Held,* that the description was sufficient.

*Appeal from District Court, Custer County.*

ANDREW F. BURLEIGH, for the appellants.

It is true that the notice of Lebcher was not in writing. The statute does not require it to be. Rev. Stats. Mont., sec. 821, p. 581. Whiteside appears to have taken every

step required by the statute to entitle him to a lien. All the matters necessary to acquire a lien having been shown, and they having been properly alleged and proved, and the court having, upon a trial, found the facts and entered judgment, no reason appears why the court should have granted a new trial. It could not have been on account of the evidence, because the evidence preponderates in favor of the plaintiffs, and the findings, being in the nature of a special verdict, could not thereafter be disturbed. *Beck* v. *Beck*, 6 Mont. 286; *Lincoln* v. *Rogers*, 1 Mont. 220; *Toombs* v. *Hornbuckle*, 1 Mont. 289; *Orr* v. *Haskell*, 2 Mont. 229; *Ming* v. *Truett*, 1 Mont. 327. While the court is empowered to grant new trials in the exercise of discretion, yet such discretion is a legal one, to be exercised conformably to sound legal principles

STREVELL & GARLOCK, for the respondent.

On the trial below, the plaintiffs offered in evidence the notice of lien which is in the record, to which the defendant objected, on the ground that there was in the notice no sufficient description of the property sought to be charged with the lien. It is not sufficient to describe the lot alone, but the "property" sought to be charged with the lien must be correctly described in such notice. Rev. Stats. Mont., sec. 821, p. 581. It was further objected to this paper in evidence that no sufficient allegation was made in the complaint to admit it, and that the paper itself had no sufficient verification to entitle it to be admitted. Section 821, *supra*, requires that when the subcontractor settles with a contractor, and they agree upon what is just between them, this settlement must not only be presented to the owner, but it must be "left with him." The copy of the settlement must be filed with the recorder. "All this must be verified by affidavit." There is not a shadow of evidence in the paper

itself, nor in the complaint, nor anywhere else, that any
such thing was ever done. The statute of liens is in
contravention of common law, and must be held *stricti
juris. Manton* v. *Tyler,* 4 Mont. 364.

GALBRAITH, J. This was an action brought by the
appellants to enforce a mechanic's lien against the prop-
erty of the respondent. They were the subcontractors
of one Greenwood, who had a contract with the respond-
ent for the construction of the building against which,
as well as the premises on which it was built, the lien
was sought to be enforced. The cause was tried by the
court sitting without a jury. The court made and filed
its findings of fact and conclusions of law, and upon
these rendered judgment for the appellants, and decreed
that it should be a lien upon the property described in
the complaint. There was a motion for a new trial,
which was by the court sustained. From the order sus-
taining this motion this appeal is taken.

For any of the causes mentioned in the statute, which
materially affected the substantial rights of the respond-
ent, a new trial should be granted. Several of these
causes are urged by the respondent; but if it shall
appear that any one of them is such a cause, the order
of the court granting a new trial should be sustained.
One of these is, substantially, " insufficiency of the evi-
dence to support the verdict or decision." It is urged
by the respondent, in support of the court's action, that
one of the findings of fact made by the court, which was
material to the issue, is not supported by any evidence.
This finding is as follows: " 7. That on or about Octo-
ber 7, 1885, and just previous to furnishing certain
lumber and materials to be used in said building, to the
amount and value of $631, plaintiffs notified said Chester
B. Lebcher of their intention to furnish the same, and
of the probable-value thereof, to wit, $631; and that said

Chester B. Lebcher then and there provided that he would see plaintiffs paid for the same; and that thereafter plaintiffs furnished lumber and materials to the amount of and value of $631.34, and the same were used in the construction of the said building." The mechanic's lien law relating to this subject, and in force at the time of the transaction in controversy, was as follows: " Every subcontractor wishing to avail himself of the benefits of this chapter shall give notice to the owner or proprietor, or his agent or trustee, before or at the time he furnishes any of the things aforesaid, or performs any of the labor, of his intention to furnish or perform the same, and the probable value thereof." Rev. Stats. Mont., div. 5, sec. 821. "And the employer shall become surety of the contractor to the subcontractor for the amount due for such work and labor or things, not, however, exceeding the value thereof as notified under section 821." Rev. Stats., div. 5, sec. 823. It was essential, under these provisions of the statute, that the respondent should have been notified, before or at the time the materials were being furnished, of the probable value thereof, and a certain sum as the probable value thereof then specified. This sum must be shown by the testimony. It is not sufficient that the evidence should merely show that the respondent was notified of the " probable value " of the materials, without also proving the amount of such value. This requirement of the statute must be strictly complied with in order to entitle the subcontractor to his lien. These two provisions explain each other. The latter certainly contemplates that a sum certain is meant in the first provision; for its language is, " not, however, exceeding the value thereof as notified under section 821."

That a notification that the value of the materials is a certain specific sum was intended, is apparent when

we consider that under these provisions the subcon-tractor is not entitled to a lien in excess of the "value as notified under section 821." But it seems to us that it is apparent that the proper construction of the above provision from section 821 is that a sum certain should be proved without reference to the context. The words "probable value" mean that the employer should be notified of some particular sum, approximating the value of the materials, above which he is not entitled to a lien. Of course, the intention of the legislature is more apparent when the two provisions are construed together. We have examined the testimony contained in the record, and the following is all thereof relating to this subject: Fred Whiteside, one of the appellants, testi-fied as follows: "I told him we were furnishing the ma-terials, and about the value of them." A. L. Peters, a witness for the appellants, testified on direct examination: "He also gave him the amount then due, and the prob-able cost of that still to be furnished"; and on cross-examination: "I do not remember the figures plaintiff gave defendant for probable value; I do not know that he stated any amount." Chester B. Lebcher, the re-spondent, testified: "*Question.* Did either of the plain-tiffs ever state to you the probable value of the materials to be furnished to Greenwood, the contractor, for the building in question? *Answer.* No, sir." There is no testimony tending to show that the respondent was noti-fied of any particular sum at which the materials were valued, as required by law. The above finding of fact is therefore not sustained by the evidence, and upon this ground alone the court properly granted a new trial.

It is urged, also, by the respondent in his brief, that he complaint is insufficient, and does not state facts sufficient to support the judgment, because it contains no allegation that the appellants notified the respondent of the particular sum at which the materials were valued,

before or at the time of furnishing them, as required by law. The objection that the complaint does not support the judgment may be raised for the first time in this court. This is substantially the same objection which is made to the foregoing finding of fact by the court. In this respect the complaint is deficient. This is one of the allegations which the complaint should contain to warrant the enforcement of the lien; and in this particular the complaint does not support the judgment.

Other reasons are urged by the respondent to sustain the action of the court in granting a new trial; but in view of the foregoing causes, we think that the motion for a new trial was properly granted, and it is unnecessary to enter upon their consideration. There is an objection, however, to the sufficiency of the description of the property against which the lien is sought to be enforced, contained in the notice of lien, which we will briefly notice. The description is as follows: "The building hereinafter described, which said debt is claimed to be a lien against the said building, and the lot of ground upon which said building was erected and now stands; that said lot is known and described as lot 8 in block 32 of the town of Miles City, county and territory aforesaid, as platted and filed for record in the office of the recorder of deeds of said county and territory." This description, for the purposes of this action, we deem sufficient. The premises on which the building is erected is sufficiently described; and as long as the building remains thereon, and there is nothing in the record to indicate the contrary, it also is sufficiently identified.

The order granting a new trial is affirmed, and the cause remanded.

*Judgment affirmed.*

McCONNELL, C. J., and McLEARY, J., concur.