WITHERS, Respondent, *v.* KEMPER et al., Appellants.

(No. 1,331.)

(Submitted May 13, 1901.   Decided June 24, 1901.)

*Evidence—Appeal—Review on Appeal from Judgment —Statement on Motion for New Trial—Bill of Exceptions—Presumption—Errors of Law.*

1. In a suit to foreclose a mortgage, it was proper to refuse to strike out the testimony of the plaintiff at the close thereof on the ground that her testimony was incompetent, immaterial and irrelevant, in that she had failed to produce, or account for the nonproduction of, the note on which the action was based; plaintiff's testimony being not only as to a search for the note, but as to circumstances tending to support her allegation that the note had not been paid; and, as the testimony for plaintiff was not all in, the court had no knowledge but that further evidence might be introduced, showing a search.

2. Code of Civil Procedure, Sec. 1736, enacts that any statement used on a motion for new trial may be used on appeal from a final judgment, equally as upon appeal from the order granting or refusing a new trial. *Held,* that a statement on a motion for a new trial cannot render the question whether or not the evidence was of sufficient weight to sustain the decision of the court or the verdict of the jury reviewable on appeal from the judgment, since such question could only be reviewed on appeal from an order granting or denying a motion for a new trial.

3. A bill of exceptions can raise only errors of the court in its rulings upon points of law.

4. It is presumed on appeal from a judgment that the court has passed upon all the points raised by the bill of exceptions.

5. To attack a judgment as not supported by the findings is to raise a question of law.

6. To attack a decision on the ground that there was a total failure of any evidence is to raise a point of law.

7. Under Code of Civil Procedure, Sec. 1736, on an appeal from the judgment the court cannot consider any questions raised in the statement on motion for a new trial which it could not consider on a bill of exceptions regularly in the record on appeal from the judgment.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

SUIT by Mollie Withers against S. V. Kemper and others. From a decree in favor of plaintiff, defendants appeal. Affirmed.

*Mr. E. B. Howell,* for Appellants.

Testimony concerning loss of papers is immaterial until it is first shown that the paper in controversy was among them. To prove the loss of any document it is first necessary to prove its previous existence. (Jones on Evidence, Sec. 211; *Weatherhead* v. *Baskerville,* 11 How. 329; *Oliver* v. *Persons,* 76 Am. Dec. 657.) The admission of the answer of the original making of the note is by no means an admission of its existence subsequent to the date when the answer alleges it was paid. "The law does not presume nonpayment of a note when due, but payment, unless the note is produced or other evidence repelling the presumption of law when the note cannot be produced." (*George* v. *Ludlow,* 66 Mich. 176; *Bassett* v. *Hathaway,* 9 Mich. 28.) A judgment of foreclosure should only be

rendered upon the request of the holder of the note, and upon his either producing it or accounting for its nonproduction by clear and conclusive proof.    (Jones on Mortgages, Sec. 1308 (Fourth Edition) ; *George* v. *Ludlow,* 66 Mich. 176, 33 N. W. Rep. 171; *Young* v. *McKee,* 13 Mich. 552; *Hungerford* v. *Smith,* 34 Mich. 300; *Mickle* v. *Maxfield,* 42 Mich. 310; *Vanauken* v. *Hornbeck,* 14 N. J. L. 178; *Bergen* v. *Urbahn,* 83 N. Y. 49.)

*Messrs. McHatton & Cotter,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the Court.

This case is before this court on appeal from the judgment, the appeal from the order denying a new trial having been dismissed.

The plaintiff sued the defendant S. V. Kemper, his wife, and one other,—a grantee of said Kemper,—in foreclosure of a mortgage on certain real estate; the note secured by the mortgage being a negotiable instrument, and having fallen due on May 28, 1891, in this state.

The defendants admit all the allegations of the complaint, except that it is denied that there is anything unpaid on the note; the answer alleging payment of the full sum of the face and interest of said note as having been made by Kemper on the day of the maturity thereof.    The court below, on motion of plaintiff, held that the burden of proof was upon the defendants to show payment.    The note and the mortgage—the latter being duly recorded—were not produced upon the trial; but the plaintiff introduced evidence tending to show that search had been made for the instruments, and that they were lost. No reference was made in the pleadings to the inability of the plaintiff to produce the note or mortgage, and no demand was made by defendant Kemper that he be indemnified against any lawful claim thereon.

The appellants, in their brief, rely upon fifteen assignments

of error. The first and second of the alleged errors are as to admission of testimony, and are, in our opinion, without merit. The fifth, sixth, seventh, eigth, ninth and tenth charge error in instructions; and, without passing upon the question whether or not material error in instructions to a jury in an equity case is ground for reversal, when the court adopts material findings of the jury which were influenced by such instructions, it is sufficient to say that the only error which appears in the charge to the jury, in the parts complained of, pertains to the question of agency of the husband of the plaintiff, and his power to receive the money in payment of the note and to discharge the debtor, which question it is not necessary to consider at all in this case, for the reason that the court found and set out in the decree that the money due on the note had not been paid to the husband at all; the defendant Kemper having claimed, as his sole defense, that he had paid the money to the husband.

Assignment No. 3, to-wit, that "the court erred in refusing to strike out the testimony of Mollie Withers, the plaintiff, at the close thereof, for the reason that said testimony was incompetent, immaterial and irrelevant, in this: that the plaintiff wholly failed to produce, or to account for the nonproduction of, the note upon which said action was brought,"—is not maintainable, for the reason that the testimony of the plaintiff was not only as to search for the note, but as to circumstances tending to support her averment that the note was not paid at all; and for the further reason that, at the time of the court's refusal to strike out the said testimony of the plaintiff, the testimony of the witnesses for the plaintiff was not all in. The court had no knowledge at the time that material and further evidence might not be introduced by the plaintiff, showing that she had made necessary and diligent search for the instruments by her claimed to be lost. The motion to strike out the testimony, so far as it pertains to the search for the instruments, was not renewed after the evidence for the plaintiff was all in. It would be better practice, in a proper case, to move the court for judgment for want of sufficient evidence, than to move 'o strike out what evidence was introduced.

Assignment No. 4 refers to the matter of agency, which has already been considered in this opinion.

Assignment No. 11, to the effect that the court erred in allowing a general verdict to be rendered by the jury in the action, on the ground that said action was equitable in its nature, cannot be sustained, as it does not appear that there was anything prejudicial in the jury's action in having unnecessarily rendered a general verdict.

Assignment No. 12 is as follows: "The court erred in overruling defendants' motion to reject the findings and verdict of the jury, and to render judgment for defendants notwithstanding such findings and verdict, for the reason that there was no evidence produced at the trial of said cause to sustain said findings and verdict, or either of them, and that the same are contrary to the evidence;" and assignment No. 13 reads: "The court erred in sustaining the plaintiff's motion to adopt the findings and verdict of the jury, and to order judgment entered in favor of the plaintiff and against the defendants for the amount found in said verdict, for the reason that the evidence conclusively shows that the note and mortgage upon which said action was brought were paid by defendant S. V. Kemper at their maturity, and that at the commencement of this action there was nothing due the plaintiff thereon, and for the further reason that there is no evidence to sustain the said findings and verdict, and that the same are contrary to the evidence." Upon appeal from the judgment alone, the court cannot consider the question whether or not the evidence is of sufficient weight to sustain the decision of the court or the verdict of the jury, as that is a matter which can be considered only upon an appeal from an order granting or denying a motion for a new trial, when duly assigned as one of the grounds of motion for such new trial. There is conflicting evidence upon the material findings, and this is not a case in which there is not any evidence at all tending to sustain the verdict or the decision of the court. Under the provisions of Section 1736 of the Code of Civil Procedure, "any statement used on motion for a new trial may

be used on appeal from a final judgment equally as upon appeal from the order granting or refusing a new trial." The question as to the extent to which the statement will supply the place of a bill of exceptions has not been determined in this state: but, on authority (*Carpenter* v. *Williamson,* 25 Cal. 158) and reason, we believe and hold that the statement can be used in place of a bill of exceptions in the judgment roll only for the purposes for which such bill of exceptions could be used if the appeal from the judgment were brought up on a bill of exceptions contained in the judgment roll. The language of the section referred to is not, in our opinion, intended to enlarge the scope of a bill of exceptions on appeal from a judgment. On appeal from the judgment the court cannot consider any questions raised in the statement on motion for a new trial which it could not consider on a bill of exceptions regularly in the record on appeal from such judgment. It was attempted in this case to use the statement in support of the contention that the evidence does not support the decision of the court finding for the plaintiff. A bill of exceptions can raise only errors of the court in its rulings upon points of law. It is presumed on appeal from a judgment that the court has passed upon all the points raised by the bill of exceptions. Before the court could err in ruling upon the weight of the evidence to support a decision in favor of the plaintiff, it would be necessary for the question to be raised before the court. To hold that on appeal from the judgment such a question could be raised would be to enlarge the number of questions which, under the law in this state, can be considered on appeal from the judgment.

To attack a judgment of the court as not supported by the findings is to raise a question of law. To attack a decision of the court on the ground that there was a total failure of any evidence is to raise a point of law. But, in order to bring questions of the weight of evidence before this court on appeal, there must have been a hearing on motion for a new trial, and an appeal from the order granting or refusing the same. (*Allport* v. *Kelley,* 2 Mont. 343; *Largey* v. *Sedman,* 3 Mont. 472; *Chu-*

*masero* v. *Vial,* 3 Mont. 376; *Broadwater* v. *Richards,* 4 Mont. 78, 2 Pac. 544, 546; *Princeton Min. Co.* v. *First Nat. Bank,* 7 Mont. 530, 19 Pac. 210; *Lloyd* v. *Sullivan,* 9 Mont. 589, 24 Pac. 217; *Emerson* v. *Eldorado Ditch Co.,* 18 Mont. 247, 44 Pac. 969.)

Assignment No. 14, alleging that the court erred in overruling the defendants' motion for a new trial, of course, cannot be considered on this appeal.

Assignment No. 15 is to the effect that the court erred in rendering judgment in favor of the plaintiff and against the defendants, and has been sufficiently covered in this opinion.

Although this case has been treated by counsel as an equity case, still it has been suggested that, so far as the suit is to recover on the note,—a negotiable instrument,—the suit is in law, as well as to foreclose the mortgage in equity. The question is not before us to determine, and we express no opinion as to any question of the power of the judge, as chancellor, to set aside findings of the jury as to payment or nonpayment of the note, or to adopt the same if they be found by the jury because of materially erroneous and prejudicial instructions. The question is not before us in the case.

We find no errors appearing in the judgment roll, except that in the decree there are certain immaterial findings. The findings of the court as contained in the decree are sufficient to support the judgment; we cannot go outside of them on this appeal, as presented, and we must affirm the judgment of the court below.

The judgment is affirmed.

*Affirmed.*

Motion for rehearing denied July 18, 1901.