WYMAN ET AL., RESPONDENTS, *v.* JENSEN ET AL, APPELLANTS.

(No. 1,362.)

(Submitted November 11, 1901. Decided January 8, 1902.).

*Fraudulent Conveyances—Action to Set Aside—Complaint— Creditor — Lien — Description — Motion for New Trial— Delay—Amendment—Appeal—Review.*

1    Where, in an action to set aside a conveyance of both real and personal property as fraudulent toward creditors, the complaint does not show that

plaintiff has a lien on such property, it fails to state a cause of action for such relief, and an objection to the admission of any evidence thereunder should, be sustained.

2. In an appeal to a court of equity it is indispensable that the allegations of the bill be clear and exact in the statement of all material facts constituting the plaintiff's cause of action.

3. Under Code of Civil Procedure (Compiled Statutes of 1887), Section 186, and Code of Civil Procedure of 1895, Section 1218, the mere garnishment of the fraudulent assignee of the stock of merchandise—capable of manual delivery—of the judgment debtor by the judgment creditor does not create a lien on such merchandise.

4. Where, in an action by a judgment creditor to set aside an assignment by the debtor of real estate as fraudulent as to plaintiff, the complaint fails to give the location of such real estate or any description thereof, other than that it does not exceed a specified value, an objection to the admission of any evidence should be sustained; the complaint failing to disclose a lien in favor of the judgment creditor.

5. Under Code of Civil Procedure of 1895, Section 1197, providing that a judgment becomes a lien on realty from the time it is docketed, a complaint by a judgment creditor to set aside his debtor's conveyance of realty as fraudulent, which does not allege the docketing of the creditor's judgment, is insufficient.

6. Under Code of Civil Procedure of 1895, Section 1174, providing that a motion for a new trial may be brought to a hearing on motion of either party, the delay of a party in bringing his motion for new trial to a hearing is not ground for denying the motion.

7. Where, in an action by a judgment creditor to set aside a fraudulent conveyance by the debtor, a judgment for plaintiff is reversed because of the insufficiency of the complaint, the trial court should permit plaintiff to amend.

8. The ruling of the trial court upon an objection to the introduction of evidence for the reason that the complaint does not state facts sufficient to constitute a cause of action—being a question of law arising during the trial—may be reviewed either upon appeal from the judgment or from an order denying a motion for a new trial.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by O. C. Wyman, G. H. Partridge and S. D. Coykendall, copartners, doing business under the firm name and style of of Wyman, Partridge & Company, against Andrew Jensen, and F. P. Atkinson, individually and as assignee of Andrew Jensen. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed.

*Mr. M. M. Lyter, Mr. A. C. Gormley* and *Mr. Ransom Cooper,* for Appellants.

*Messrs. Sanders & Sanders, Mr. Thos. E. Brady* and *Mr. Fred. B. Dodge,* for Respondents.

The general rule is that an objection to the equity of the plaintiff's claim, as stated in the bill, must be taken by demurrer. This rule, says Justice Gray of the Supreme Court of the United States, "is so well established that it has been constantly assumed, and, therefore, seldom stated in judicial opinion." (*Farley* v. *Kitson*, 120 U. S. 303-316, and cases there cited.) It is of course implied in the above holding that the subject-matter of the action is one of which the court may take equitable cognizance, and that it has jurisdiction of the parties. This being the case, then defects or omissions in the pleading sufficient to oust the court of jurisdiction of the particular case, may be and are waived by failure to demur or plead in bar. (*Brown* v. *Lake Superior Iron Co.*, 134 U. S. 530-536; *St. Paul & Sioux R. Co.* v. *Robinson*, 41 Minn. 394; *Ostrander* v. *Weber*, 114 N. Y. 95; *Crocker* v. *Dillin*, 133 Mass. 91; *Sherry* v. *Smith*, 72 Wis. 339; *Consolidated, etc.* v. *Coombs*, 39 Fed. 25; *McVey* v. *Manatt*, 80 Ia. 132; Beach on Equity Practice, Vol. I, Sec. 13 *et seq.*)

The allegations in the complaint were sufficient to show *prima facie* that plaintiffs had acquired a lien or right. (*Spooner* v. *Bay St. Louis*, 44 Minn. 403; *Renard* v. *O'Brien*, 35 N. Y. 99-103; *Dana* v. *Bank*, 6 Marshall (Ky.), 219; *Illinois, etc.* v. *Graham*, 55 Ill. App. 266; *Young* v. *Clapp*, 40 Ill. App. 312; *Platt* v. *Cadwell*, 9 Paige 386; *Williams* v. *Hogeboom*, 8 Paige 469; *Cassidy* v. *Meacham*, 3 Paige 311; *Mariner* v. *Coon*, 16 Wis. 490; *Bank* v. *Spencer*, 18 N. Y. 150.)

In support of the claim of error in the admission of any evidence under the complaint, counsel for appellants cite *Wilson* v. *Harris*, 21 Montana, 374; as to this case, we respectfully ask that the court reconsider the decision in question for the reasons following, to-wit: That as stated in the opinion of Mr. Justice Pigott, the question presented was with this court one of first impression. That the construction given to the section in question negatives any real purpose, intent or design in the enactment of it, and so far restricts it as practically to

read it out of the Code. That such construction is contrary to the construction given it by the courts of the state from which it was adopted, and is contrary to the construction generally given to statutes of like import by the courts of other states. That it establishes a rule of procedure singular to the state of Montana, and out of harmony with and contrary to the spirit and trend of the decisions of this country with respect to the enforcement of debts and obligations. (*Roberts* v. *Landecker,* 9 Cal. 261-267; *Robinson* v. *Trevis,* 38 Cal. 612; *Kimball* v. *Richardson, Kimball Co.,* 111 Cal. 386-393; *Raventas* v. *Green,* 57 Cal. 254; *Walters* v. *Rossi,* 126 Cal. 644; Drake on Attachment, Secs. 452, 453; Wade on Attachment, Sec. 338; Waples on Attachment and Garnishment, pp. 587-591; 14 Am. & Eng. Ency. Law, 755-6; Rood on Garnishment, Sec. 193.)

The following authorities are to effect that by garnishment the court acquires jurisdiction of the *res*, that the property in the hands of the garnishee, whether debt, credits or chattels, is in *custodia legis* and that a lien, equitable or inchoate, is acquired thereon. (*Allen* v. *Hall,* 5 Met. 263; *Winner* v. *Hoyt,* 68 Wis. 227; *Maxwell* v. *New Richmond, etc.,* 101 Wis. 286; *North Star Boot & Shoe Co.* v. *Ladd,* 32 Minn. 381; *Bethel* v. *Chipman,* 57 Mich. 379; *Moore* v. *Speed, etc.,* 55 Mich. 84; *Northfield Knife Co.* v. *Shapleigh,* 24 Neb. 635; *American Cent. Ins. Co.* v. *Hettler,* 37 Neb. 849; *Wilder* v. *Weatherhead,* 32 Vt. 765; *Focke et al.* v. *Blum,* 82 Tex. 436; *Beamer* v. *Winter,* 41 Kan. 596; *State Nat. Bank* v. *Boatner,* 39 La. Ann. 843; *Buschman* v. *Hanna,* 72 Md. 1; *Carter* v. *Koshland,* 13 Ore. 615; *Western R. Co.* v. *Thornton,* 60 Ga. 300; *Barber* v. *Ferrill,* 57 Ala. 446; *Barton* v. *Spencer,* 3 Okla. 270; *In re Peck,* 16 Nat. Bk. Reg. 43; *Central Trust Co.* v. *Chattanooga,* 68 Fed. 685; *Brashear* v. *West,* 7 Peters, 608; *Mattingly* v. *Boyd,* 20 How. 128; *Cooper* v. *Reynolds,* 10 Wall. 317; *Mont. Nat. Bk.* v. *Mer. Nat. Bk.,* 19 Mont. 586; Opinion of Mr. Justice Hunt in *Wilson* v. *Harris,* 21 Mont. 405; *State* v. *Linaweaver,* 40 Tenn. 51; *Harris* v. *Mooney,* 39 Conn. 37.)

In modern practice, where the property is personal, the lien

is usually acquired by garnishment or by service of copy of execution with notice. That this method is in this state sufficient as to property not capable of manual delivery or seizure, there is no question, whatever contention there may be is as to the effect, if any, of garnishment notice upon chattels that might be seized. Most of the cases above cited were creditors' suits, and support the proposition that garnishment creates a sufficient lien. In many cases it is held that the filing of the bill is an equitable attachment and sufficient. (Wait on Fraudulent Conveyances and Creditors' Bills, Sec. 68-75; *Pierstoff* v. *Jorges,* 86 Wis. 128; *Chardavoyne* v. *Galbraith Co.,* 81 Ala. 521; *Livingston* v. *Dry Goods Co.,* 12 Colo. App. 320; *Fecheimer* v. *Hollander,* 1 L. R. A. 368.) In New York, where garnishment is unknown, a lien is acquired on tangible property by the appointment of a receiver. (*Kitchen* v. *Lowery,* 127 N. Y. 53-60.) The court did not err in refusing to hear upon its merits defendants' motion for a new trial and in its denial of same for laches. The motion in question was made 104 days after the settlement and filing of the statement. The statute required it to be made "at the earliest practicable period" after the filing of the statement. That there was an unusual delay is evident. Whether there was any excuse for the delay was a question peculiarly within the province of the trial judge and the facts within his knowledge largely. A question of diligence is always addressed to the sound discretion of the trial judge. (*Boggs* v. *Clark,* 37 Cal. 236; *Chabot* v. *Tucker,* 39 Cal. 434; *Burlock* v. *Shupe,* 17 Pac. (Utah), 19; *Kimball* v. *Parmelee,* 29 Minn. 302; *Gorman* v. *McFarland,* 13 Tex. 237.)

A court of appeal will not review a discretionary order unless there has been a manifest abuse of discretion. (*Smith* v. *Smith,* 51 Wis. 665; *Third, etc.* v. *Loomis,* 32 N. Y. 127; *State* v. *Barrett,* 40 Minn. 65; *Griggsby* v. *Schwarz,* 82 Cal. 278; *Montana O. P. Co.* v. *Boston, etc.,* 22 Mont. 159; *Eckstein* v. *Calderwood,* 27 Cal. 413; *Boggs* v. *Clark,* 37 Cal. 236; *Descalso* v. *Duane,* 33 Pac. 328; *Woodward* v. *Webster,* 20 Mont. 279; *Doon* v. *Tesh,* 131 Cal. 406.)

Opinion of the court by HON. FRANK HENRY, judge of the Sixth judicial district, acting associate justice, in place of MR. JUSTICE PIGOTT, disqualified.

This action was instituted by respondents to set aside and have declared void a certain deed of assignment made under the general assignment laws of this state, wherein the appellant Andrew Jensen purported to convey to Charles T. Hull, assignee for the benefit of his creditors, all the lands, goods, chattels, accounts, notes, books of accounts, and demands of every description belonging to the said assignor, and which said property or the proceeds therefrom was at the time of the commencement of this action in the possession of F. P. Atkinson, the successor of said Hull as assignee; said Hull having died on the 1st day of May, 1897.

On the 20th day of December, 1897, the cause came on regularly for trial before a jury, and upon the introduction of evidence by plaintiffs (respondents) the defendants (appellants) objected to the introduction of any evidence on the part of the plaintiffs, for the reason "that the complaint did not state facts sufficient to constitute a cause of action, in that no equity was stated in said complaint." This objection was by the court overruled, and subsequently the court made an order of reference, and the cause was sent to a referee, with directions to hear the testimony and to find upon the questions of fact, to make conclusions of law, and report the same, together with a judgment in the case.

Thereafter the referee made his findings of fact and conclusions of law, and reported the same to the court, together with a decree declaring said deed of assignment void, as having been made by the said Jensen with the intention to cheat, delay and defraud his creditors, and particularly the plaintiffs herein, and directing the said Atkinson, assignee, to pay the plaintiffs out of the trust fund in his hands the sum of $4,112.68, with interest thereon at the rate of 10 per cent. per annum. This decree was signed by the court on the 15th day of January, 1898

Thereafter the defendants made a motion for a new trial, which was subsequently overruled by the court, and from the judgment and order overruling the said motion these appeals are prosecuted.

Did the trial court err in overruling defendants' objection to the introduction of evidence?

In an appeal to a court of equity it is indispensable that the allegations of the bill be clear and exact in the statement of all material facts constituting the plaintiff's cause of action. It should show with reasonable certainty the rights of the plaintiff, the manner in which he is injured, as well as the material circumstances of the time, place, manner, and other incidents,— the particulars, in other words,—attending the alleged fraud because of which he seeks the assistance of the court; and in actions of this character it is essential that it disclose a lien upon the property sought to be subjected to the payment of plaintiff's demand. The general creditor is in no position, merely because he is a creditor, to assail an alleged fraudulent sale by the debtor; and, if he seek the aid of a court of equity to enforce his rights, it must clearly appear that he has placed himself in a position to have the court enforce his rights in subjecting the particular property to the payment of his demands by the removal of obstacles fraudulently interposed, and that he is remediless in collecting his just claims in a court of law. While some of the authorities go to the extent of holding that an attachment lien will not support a creditor's bill before judgment is obtained, yet it is a necessary condition precedent to the right to be heard in a court of equity that he have a lien, and that fact must appear from his bill.

Among text writers, as well as in the decisions of courts, there is a general unanimity of opinion as to the attitude to be assumed by a creditor in pursuit of the property of his debtor, which he alleges has been fraudulently placed beyond his reach. All cases of this character proceed upon the well-settled principle that the judgment creditor, before he seeks the aid of a court of equity and solicits its assistance in enforcing his rem-

edy by removing obstructions from his path, has complied with the essential requisite of having first secured a lien upon the specific property that he seeks to have subjected to the payment of his judgment.   Before coming into equity he must exhaust his legal remedy.

Briefly stated, the well settled doctrine almost universally adopted by the courts is:   The creditor must first have established his charge or lien upon the property of his debtor.   Unless he has done so, a court of chancery will afford him no relief, and he has no right to question his debtor's disposition of it.

Bump on Fraudulent Conveyances, Sec. 535, states the doctrine in cases of this character as follows:   "A faudulent transfer is valid against all persons, except those who proceed to appropriate the property by due course of law to the satisfaction of the creditor's debts.   As it is valid against a simple contract creditor, such creditor cannot ask the aid of a court of equity to set aside the transfer; for it does not interfere with his rights.   Equity has jurisdiction of fraud, but it does not collect debts.   A creditor must establish his demand at law, and obtain a lien upon the property, before the transfer interferes with his rights, or he has any title to claim relief in equity.   No creditor can be said to be delayed, hindered or defrauded by any conveyance until some property out of which he has a specific right to be satisfied is withdrawn from his reach by a fraudulent conveyance."

In *Westheimer* v. *Goodkind,* 24 Mont. 90, 60 Pac. 813, the learned justice delivering the opinion of the court uses the following language:   "As soon, however, as he (the creditor) acquires a lien upon the specific property which was the subject of the sale, his status is that of one who has brought himself, if the expression may be used, into privity with the property, and courts of law will then afford relief.   After the exhaustion of legal remedies, the extraordinary jurisdiction of chancery may be invoked, either to reach assets which cannot be seized under a writ of execution or to remove a cloud upon the title

to, or an obstruction standing in the way of legal process against the property, which, if not removed, may prevent a sale at a fair price. But in any case, and in all cases, whether the relief sought be legal or equitable, the creditor or other person who, as plaintiff or defendant, would avoid a sale or transfer for the reason that it was made with intent to defraud him of his demands, must have a lien or charge upon, or an interest in, the particular property which he desires to have subjected to the payment of his claim. As to the general creditor, such a sale is voidable, in the sense that when he shall have acquired a lien upon the property affected, but not before, the sale becomes inoperative as to him, not only from the date the lien was imposed, but *ab initio.*"

Did the plaintiffs in this case bring themselves within the rule we have stated by first securing a lien upon the property in the hands of the assignee?

Among the many allegations of the complaint, it is averred that on the 4th day of March, 1897, in an action at law, the plaintiffs recovered judgment against the defendant Andrew Jensen for the sum of $4,112.68, and that on said date an execution was issued thereon and placed in the hands of the sheriff for service, who on the 8th day of March, 1897, made the following return on said writ: "I hereby certify that I received the within writ on the 4th day of March, 1897; that I garnished Chas. T. Hull, who makes return annexed hereto; also made demand of Andrew Jensen to pay the same. He refused payment, saying he was unable to do so, as he had no means of paying the same. I hereby return the within writ wholly unsatisfied." The foregoing is the only allegation contained in the complaint touching the action of the sheriff under the execution and the return of said Hull. It does not appear what statements Hull's return contained.

It also appears from the complaint that the principal property assigned consisted of a general stock of merchandise in Great Falls and Sand Coulee, and was at the time of the ser-

vice of notice of garnishment in the possession of Charles T. Hull, assignee.

The complaint in this case, in respect to the allegations charging a lien upon the property in the hands of the assignee, is almost identical with that in *Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46. The character of the personal property sought to be charged with a lien is the same, as well as the method pursued in attempting to create a lien, and as to the sufficiency of the complaint is decisive of this case. After the thorough and exhaustive discussion of the third and fifth subdivisions of Section 186 of the Code of Civil Procedure, Compiled Statutes of 1887, by the justice delivering the opinion of the court in that case, it would seem that further discussion as to the legislative intent is unnecessary. We are of the opinion that the views therein expressed in no way conflict or are inconsistent with the other provisions of the attachment law, but are in perfect harmony with them, and that the conclusions reached by the court in its construction of said subdivisions are but the reasonable and logical deductions to be drawn from the language used. Said subdivisions are as follows: "Third. Personal property capable of manual delivery shall be attached by taking it into custody. * * * Fifth. Debts and credits and other personal property not capable of manual delivery shall be attached by leaving with the person owing such debts, or having in his possession or under his control such credits and other personal property, or with his agent, a copy of the writ, and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession or under his control belonging to the defendant, are attached in pursuance of such writ."

While these subdivisions provide the method by which a lien may be secured by attachment, and while in the case at bar the property was sought to be charged under a writ of execution, the method to be followed under the two writs is the same. In both instances property capable of manual delivery must be actually seized and taken into custody. Section 1218 of the

Code of Civil Procedure contains the following provision: "All other property not capable of manual delivery may be attached on execution, in like manner as upon writs of attachment." And as we have seen in *Wilson* v. *Harris, supra,* if no lien is created on personal property capable of manual delivery by the service of notice of garnishment, none certainly would attach on the same character of property on a writ of execution.

Manifestly it is the intent of the act to require the officer charged with the execution of a writ to take personal property, capable of manual delivery, into his custody. To what purpose would the levy be made on a writ of execution if it was not taken into the actual possession of the officer? That he should do so is self-evident from the very nature of the duty he is commanded by the writ to perform. If his possession is but constructive,—obtained by service of garnishment,—while the execution debtor or a third person has the actual possession of the property, how will he be able to conduct a sale in conformity with the law, which requires him to expose the property to the view of prospective purchasers who attend the sale?

Section 1227 of the Code of Civil Procedure, among other provisions, contains the following: "When the sale is of personal property, capable of manual delivery, it must be within view of those who attend the sale, and be sold in such parcels as are likely to bring the highest price. * * * The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such directions."

The complaint contains no allegation that at the time the notice of garnishment was served the defendant Hull had in his possession any property which was not capable of manual delivery.

The service of notice of garnishment under the circumstances of this case—if the return of the sheriff quoted were sufficient

to show such service, would create no lien upon the property of the debtor capable of manual delivery.

The complaint also contains an allegation that "the real estate conveyed by said assignment does not exceed in value the sum of $1,500." This is the only reference that is made to the real estate conveyed by the deed of assignment. As to its description and location, we are left entirely to conjecture. It may be in the county in which judgment is alleged to have been rendered, or it may not. If one seek the aid of a court of equity against the real estate of his debtor, he must show a lien, by judgment at law or otherwise, on such real estate or an interest therein. The same necessity exists for the allegation of fact showing a lien upon real estate as upon personal property. In this respect the complaint is likewise fatally defective in the lack of averment of material facts that charge the real estate with a lien. Before real estate can be charged with a judgment lien, it is absolutetly essential that the judgment be docketed,—unless this is done, no such lien is created. There is no allegation in the complaint that plaintiffs' judgment was docketed. The mere rendition of a judgment creates no lien. (Section 1197, Code of Civil Procedure; *Creighton* v. *Hershfield,* 2 Mont. 390; *Sklower* v. *Abbott,* 19 Mont. 228, 47 Pac. 901.)

For the reasons hereinbefore stated, the complaint is wholly lacking in the averment of material facts absolutely essential to plaintiffs' right of recovery, and the court should have sustained defendants' objection to the introduction of evidence, for the reason that the complaint does not state facts sufficient to constitute a cause of action.

A motion for a new trial was denied on the sole ground, as appears from the order denying the motion, that the moving party was dilatory in presenting the motion. No consideration was given to the grounds of motion. The court erred in holding that delay in bringing on the motion for a hearing was a sufficient ground of denial of such motion. Either party has the privilege of calling up the motion; therefore the pre-

vailing party cannot complain if the adverse party does not ask the court to hear the matter. The motion for a new trial should have been considered and decided upon the grounds of the motion. (Section 1174, Code of Civil Procedure; *Sweeney* v. *Great Falls & Canada Railway Co.,* 11 Mont. 34, 27 Pac. 347.)

As the judgment, for the reasons given in this opinion, must be reversed, it is unnecessary to consider the appeal from the order denying the motion for a new trial.

The court below should permit plaintiffs to amend their complaint to state a cause in equity, if they are able, in the light of the actual facts and of the law, as stated in this opinion to do so; and, as the reversal of the judgment, under the circumstances of this case, in effect reverses the court's order denying the motion for a new trial, a new trial should be allowed, if plaintiffs amend as suggested.

Judgment reversed, and cause remanded for proceedings in accordance with the views above expressed.

*Reversed and remanded.*

MR. JUSTICE MILBURN: I concur.

MR. CHIEF JUSTICE BRANTLY: I concur in the result, as well as in the method by which it is reached. JUDGE HENRY treats the question of the sufficiency of the complaint as arising upon the appeal from the judgment. I think this is correct, though, upon the record in this case, it makes no difference whether it be considered upon the one appeal or the other.

In a case in which the complaint wholly fails to state a cause of action, the question of its sufficiency may be presented in this court for the first time by assignment in the brief, even though no attack has been made in the trial court by demurrer or otherwise. (Code of Civil Procedure, Sec. 685; *Whiteside* v. *Lebcher,* 7 Mont. 473, 17 Pac. 548; *Garver* v. *Lynde,* 7 Mont. 108, 14 Pac. 697; *Quirk* v. *Clark,* 7 Mont. 231, 14 Pac. 669.) In any case the same question may be presented upon

appeal from the judgment when timely objection to the introduction of evidence is made in the court below, and exception is reserved and incorporated in a bill, as provided by the statute. (Section 1154, Code of Civil Procedure.) Such a bill becomes a part of the judgment roll, and upon appeal from the judgment the ruling may properly be reviewed. The question may also be presented in a bill of exceptions, or statement on motion for a new trial. In the event this course is pursued, the sufficiency of the pleading may be examined, either on appeal from the judgment after the motion is denied or upon appeal from the order denying it. Under the provisions of Section 1736 of the Code of Civil Procedure as construed by this court in *Withers* v. *Kemper,* 25 Mont. 432, 65 Pac. 422, the statement or bill of exceptions used on the motion is available on appeal from the judgment, equally as upon an appeal from an order denying a new trial, for the purpose of having this court review all questions of law arising during the progress of the trial. In this case a motion for a new trial was properly made upon a statement. It was denied on the sole ground that the defendants did not call it up for hearing as promptly as in the opinion of the court they should. This was clearly error, for the reason that the successful party may not be heard to charge his adversary with laches in the prosecution of his motion, while it is his privilege under the statute (Section 1174, Code of Civil Procedure) to have the motion disposed of at any time after the statement or bill of exceptions has been prepared and filed. The ruling, however, was equivalent to a denial of the motion on its merits, at least in so far as mere questions of law were involved; and, so treating it, all the questions presented by the motion, other than those arising upon grounds properly addressed to the discretion of the trial court, such as the question of the weight of evidence and the like, are properly before us for review upon the appeal, either from the order or from the judgment. In *Voll* v. *Hollis,* 60 Cal. 569, and in *Griffith* v. *Gruner,* 47 Cal. 644, the supreme court of California treated an order dismissing a motion for a new

trial as equivalent to an order denying a new trial, and, upon appeal therefrom, reversed it upon the merits. While I think the strictly logical course would be to reverse the order denying a new trial when it is made upon a ground not involved in the merits, and to direct the trial court to pass upon the merits, as was done in *Sweeney* v. *Great Falls & Canada Railway Co., supra,* cited by JUDGE HENRY, yet for all practical purposes the same result is reached by considering and determining all questions of law arising upon the record, just as if the motion had been denied generally upon the merits. If, however, in such a case the motion should present grounds addressed exclusively to the discretion of the trial court, then this court could not consider them upon appeal from the order, but would, if it were necessary to consider them, remand the cause to the district court, and require that court to first consider and pass upon them, as was done in *Sweeney* v. *Great Falls & Canada Railway Co., supra.* In the present case the principal question being one of law, it is properly before us either upon appeal from the judgment or from the order denying the motion.

MR. JUSTICE PIGOTT, having been of counsel, did not hear the argument, and takes no part in this decision.