DAWES, RESPONDENT, *v.* CITY OF GREAT FALLS, APPELLANT.

(No. 1,896.)

(Submitted April 30, 1904.   Decided June 27, 1904.)

*Municipal Corporations — Defective Sidewalks—Personal Injuries—Action—Demand—Nonsuit—Appeal—Record.*

1. Where defendant's motion for new trial was denied, and he appealed from the judgment alone, assignments of error referring to instructions, not in the record as a part of the judgment roll, but in the statement on motion for new trial, cannot be considered.
2. Political Code, Sections 4811, 4812, requiring all accounts and demands against a city to be presented to the council, itemized and accompanied by affidavit with necessary vouchers, etc., within one year from the date the same accrued, and barring claims not so presented, do not apply to a claim for damages arising from personal injuries.
3. Where an appeal is from the judgment, and not from the order overruling the motion for new trial, the court will not determine the sufficiency of the evidence, but only determine whether there is any evidence to support the judgment.
4. On appeal the court will not consider the question of alleged variance between the proof and complaint, not called to the attention of the court below.
5. Upon a motion for nonsuit, everthing is deemed proved which the evidence tends to prove.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by E. A. Dawes against the city of Great Falls. Judgment for plaintiff, and defendant appeals. Affirmed.

*Mr. J. W. Freeman,* and *Mr. Sam Stephenson,* for Appellant.

The first error upon which appellant relies is that the court erred in overruling defendant's motion for a nonsuit. There are four reasons why this motion should have been sustained.

First. The complaint does not allege, and there is no proof, that the plaintiff presented his demand against the city in accordance with Sections 4811 and 4812 of the Political Code. We contend that this is a demand against the city such as is contemplated by these two sections, and the city council had a right to pass upon the plaintiff's claim before he instituted an action.

Second. The second reason why the motion should have been sustained is that there is a fatal variance between the allegations of the complaint and the proof. It is alleged in the complaint that the city dug the excavation complained of. The proof shows that the excavation was not made by the city, or any of its officers or agents, but that the excavation was made at the instance of the abutting property holder by Murphy-Maclay Company, who were licensed drain layers in the city and over whom the city had no more control than it had over any other person occupying or using the street. The complaint alleges that the plaintiff was injured by reason of stepping into the excavation. By his own testimony he admitted that he was injured by slipping upon the sidewalk some three feet away from the excavation, and that, in trying to catch himself, he fell into the excavation. The complaint alleges that the defendant did not know of the excavation. By his own testimony he admitted that he had seen the excavation every day for a long time previous thereto, and that he knew of its existence at the time that

he was hurt. Counsel contend that the city cannot be held liable for permitting an excavation to remain in the street, which was made by a third party, upon a complaint which alleges that the excavation was made by the city, and for the reasons above stated we think that the variances between the allegations of the complaint and the proof are fatal to the action.

Third. The third reason why the motion for nonsuit should have been granted is that it appears from the evidence in the transcript, which has already been pointed out in the statement of facts, that the alleged excavation in the street was not the proximate cause of plaintiff's injury. (*Herr* v. *Lebanon,* 10 L. R. A. 106; *Smith* v. *Kanawha County,* 8 L. R. A. 82.)

Fourth. The fourth reason why the motion for nonsuit should have been sustained is that the evidence shows conclusively that the plaintiff had knowledge of the excavation in the street; that he could have easily avoided the same, and that he acted in such a manner as to have been negligent himself and to have himself assumed the risk, if any. (*City of Bloomington* v. *Rogers,* 36 N. E. 439; *Corlett* v. *City of Leavenworth,* 27 Kan. 673; *Parkhill* v. *Town of Brighton,* 15 N. W. 853; *Davis* v. *California St. R. Co.,* 105 Cal. 131; *Town of Mt. Vernon* v. *Dusouchett,* 55 Am. Dec. 467; *Walker* v. *Town of Reidsville,* 2 S. E. 74; *Hesser* v. *Grafton,* 11 S. E. 211.)

*Mr. J. A. McDonough,* and *Mr. J. A. Largent,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

Appeal by the city of Great Falls from a judgment of $1,000 entered against it.

The cause of action stated in the complaint is based upon the alleged negligence of the city in making a dangerous excavation in one of its streets, and negligently allowing such excavation to remain in a dangerous condition, with full knowledge of such

condition, whereby plaintiff was injured by falling into the same. The answer denied all the allegations of the complaint, except that of its corporate character, and set forth as an affirmative defense the contributory negligence of plaintiff. The replication denied all the allegations of the answer.

A trial was had by the court with a jury, which resulted in a verdict and judgment in favor of plaintiff for the sum of $1,000 damages. The defendant moved for a new trial, which was denied, and afterwards appealed from the judgment alone. At the close of plaintiff's evidence, defendant's attorney made a motion for nonsuit, which was overruled.

Appellant assigns eight errors, the first of which is the overruling of the motion for nonsuit; the second to the seventh, inclusive, are to the giving of certain instructions to the jury; and the eighth based upon the reason that the complaint does not state facts sufficient to constitute a cause of action.

Under the decisions of this court, assignments of error 2 to 7 cannot be considered, because they all refer to instructions of the court, and these instructions are not in the record as a part of the judgment roll, but in the statement on motion for a new trial. (*Butte M. & M. Co.* v. *Kenyon,* 30 Mont. 314, 76 Pac. 696; *Shropshire* v. *Sidebottom,* 30 Mont. 406, 76 Pac. 941; *Glavin* v. *Lane,* 29 Mont. 228, 74 Pac. 406; *Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972.) While the rule thus announced may seem harsh in certain instances, and savor considerably of technicality, it is based upon our statutes, and in no instance can it work a hardship if the attorneys preparing the record on appeal give this preparation proper attention. Further, this court announced to the profession in the *Featherman Case, supra,* that "counsel may, upon timely application to the court, upon suggestion of diminution, amend their records."

This leaves only two questions for consideration, viz.: (1) Does the complaint state facts sufficient to constitute a cause of action? and (2) Did the court err in overruling the motion for a nonsuit?

1. Of the complaint: The only ground of insufficiency charged is "that there is no allegation that the demand of plaintiff was ever presented to the city council, as required by the provisions of Sections 4811 and 4812 of the Political Code." These two sections are as follows:

"Sec. 4811. All accounts and demands against a city or town must be submitted to the council, and if found correct must be allowed, and an order made that the demand be paid, upon which the mayor must draw a warrant upon the treasurer in favor of the owner, specifying for what purpose and by what authority it is issued, and out of what fund it is to be paid, and the treasurer must pay the same out of the proper fund.

"Sec. 4812. All accounts and demands against a city or town must be presented to the council, duly itemized and accompanied by an affidavit of the party or his agent, stating the same to be a true and correct account against the city or town for the full amount for which the same is presented, and that the same accrued as set forth, and with all necessary and proper vouchers, within one year from the date the same accrued; and any claim or demand not so presented within the time aforesaid is forever barred, and the council has no authority to allow any account or demand not so presented, nor must any action be maintained against the city or town for or on account of any demand or claim against the same, until such demand or claim has first been presented to the council for action thereon."

It is apparent from these two sections that the requirement that "all accounts and demands" against the city should be submitted to the council was for the purpose of allowing the city to *audit* such accounts and demands and direct their payment. This purpose could not apply to a claim for damages arising from a tort. It would be difficult to present a demand arising out of a tort under the provisions of these two sections. The great weight of authority as to legislative provisions of the character of these two sections is that they do not apply to demands arising out of torts, but simply to accounts and demands upon

contracts. (*Adams* v. *City of Modesto,* 131 Cal. 501, 63 Pac. 1083; *Sutton* v. *City of Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. Rep. 847; *Kelley* v. *City of Madison,* 43 Wis. 638, 28 Am. Rep. 576; *Lay* v. *City of Adrian,* 75 Mich. 438, 42 N. W. 959; *City of Warren* v. *Davis,* 43 Ohio St. 447, 3 N. E. 301; *Sheridan* v. *City of Salem,* 14 Ore. 328, 12 Pac. 925; *McGaffin* v. *City of Cohoes,* 74 N. Y. 387, 30 Am. Rep. 307; *Howell* v. *City of Buffalo,* 15 N. Y. 512; *Pomfrey* v. *Village of Saratoga Springs,* 104 N. Y. 459, 11 N. E. 43.)

A full discussion of the principles involved in this application of these sections is found in the above-cited authorities, and it would serve no useful purpose to repeat the same in this opinion.

2. As to the motion for nonsuit: The motion for nonsuit was based upon the following grounds: "(1) The evidence conclusively shows that the plaintiff was guilty of contributory negligence. (2) That there is no evidence of defendant's negligence. (3) That the evidence introduced is not sufficient to entitle plaintiff to a verdict. (4) For the reason that the facts stated in the complaint are not sufficient to support the judgment in this action." In the argument of the error assigned on the overruling of this motion, counsel takes four positions, some of which were not urged in the court below. They are as follows: (1) Insufficiency of the complaint, because it does not allege compliance with Sections 4811 and 4812 of the Political Code. (2) There was a fatal variance between the proof and the allegations of the complaint. (3) Because the evidence does not disclose that the excavation was the proximate cause of plaintiff's injury. (4) Because the evidence conclusively showed that plaintiff had knowledge of the excavation of the street, that he could have easily avoided the same, and that he acted negligently.

Upon motions for nonsuit, everything is deemed proved which the evidence tends to prove, and no such motion should be granted unless the facts disclosed are such that all reasonable men must draw the conclusion from them that the plaintiff cannot

recover. (*Nord* v. *Boston & Montana Consol. C. & S. Mining Co.,* 30 Mont. 48, 75 Pac. 681, and cases cited.) We have examined plaintiff's evidence given prior to the making of this motion, and are satisfied that it tended to show facts sufficient to sustain his cause of action. It made a *prima facie* case. We cannot consider the question of the sufficiency of the evidence, because the appeal is from the judgment, and not from the order overruling the motion for new trial. (*Withers* v. *Kemper,* 25 Mont. 432, 65 Pac. 422.) This court can only examine the evidence to determine the legal question whether there is any evidence to support the judgment.

Neither can we consider the question of the alleged variance between the proof and the complaint, as this point was not called to the attention of the court below. Had it been, and the court below found such variance, it might have permitted an amendment to the complaint.

Therefore it follows that the only error assigned upon the correctness of the ruling on this motion is that the complaint does not state facts sufficient to constitute a cause of action. We have considered this proposition fully above, and are satisfied that the complaint does state sufficient facts to constitute a cause of action.

We therefore recommend that the judgment appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed.