## Ransom H. Byrne *v.* Levi Cummings.

1. PRACTICE: HIGH COURT OF ERRORS AND APPEALS: BILL OF EXCEPTIONS: MOTION FOR NEW TRIAL.—The office of a bill of exceptions is to embody matters not otherwise belonging to the record. The judgment of the court on a motion for a new trial is properly matter of record, and unless it so appears, it will not be noticed by the High Court of Errors and Appeals.

2. CONTRACTS: CONSIDERATION.—Any benefit, however slight, resulting to the promisor by the act of the promisee, though there may be no adequacy in point of value, or any loss, trouble, or inconvenience, though trifling, but not wholly worthless in law and fact, sustained by the promisee at the instance of the promisor, and although the promisor obtain no advantage or benefit from the stipulated act, is a sufficient consideration.

3. CONSIDERATION: AGREEMENT TO DISMISS A SUIT.—A promise to dismiss pending suits, not well founded and commenced without proper authority, is a sufficient consideration to sustain a promise to release the promisor from an existing liability.

ERROR to the Circuit Court of Marshall county. Hon. John W. Thompson, judge.

The pleadings in the cause are set forth in the opinion of the court.

Defendant Cummings testified that he was indebted to plaintiff $1,150 for rent of land. That James Allen, administrator of Jared S. Allen, had recovered a judgment in March, 1853, in the Circuit Court of Marshall county, for $2,040, against the plaintiff, as the administrator of Wm. Dye. That plaintiff agreed to release witness from his debt, if he would have the same sum credited on the judgment referred to. That this agreement is evidenced by the writing obligatory sued on. That witness procured the receipt as a credit on the judgment, and tendered it to plaintiff, who refused to accept it, on the ground that at the time it was given, James Allen was not the administrator of Jared S. Allen. That the receipt was procured at the time it bears date, 1st October, 1853, and was signed by James Allen individually, and not in his character as administrator.

That at the August term, 1854, of Marshall Probate Court, plaintiff, as the administrator of Dye, presented his final account, to which witness, on behalf of James Allen, administrator of Jared S. Allen, who was interested in the estate of Dye, filed numerous exceptions. That the matter of the exceptions was continued until the December term, 1856, when it was agreed between witness and plaintiff that, if the exceptions were withdrawn and a final settlement allowed, and a certain suit pending on behalf of witness against Plaintiff in the Circuit Court was dismissed, plaintiff would accept the receipt of Allen in full satisfaction of the agreement sued on. Plaintiff stated he was anxious to make a settlement of a certain controversy with the Union Bank of Tennessee, and the dismissal of the suits was necessary to enable him to effect it.

That witness complied with his agreement and dismissed the suits.

Plaintiff Byrne testified—That the suit against him in favor of Cummings was paid off, principal, interest, and cost, before it was dismissed by the defendant. That he made no agreement to release defendant from his obligation to obtain the receipt of Allen in consideration of the dismissal of the suit and the withdrawal of the exceptions. That these exceptions, he was advised by his counsel, were wholly worthless, because Allen had ceased to be administrator, and had no right to except to his final account.

The record from the Probate Court shows that the exceptions were withdrawn.

*Featherstone*, *Harris*, and *Watson* for plaintiff in error.

*Clapp* and *Strickland* for defendant in error.

ELLETT, J., delivered the opinion of the court.

The plaintiff in error brought this suit in 1857, on the following instrument, to wit: "I hereby bind myself in the penalty of fifteen hundred dollars to Ransom H. Byrne that I will, within a reasonable time, procure a credit upon a judg-

ment in favor of the estate of Jared S. Allen, deceased, against the estate of William Dye, deceased, in the Circuit Court of Marshall county, Mississippi, for eleven hundred and fifty dollars, James M. Allen being the administrator of said Allen, and said Byrne the administrator of said Dye. The said judgment may not be accurately described, but that circumstance is not to vitiate this obligation.

"Given under my hand and seal this 25th of June, 1853.

"L. CUMMINGS [L. S.]."

The defence set up by the plea is substantially as follows: That the defendant procured the receipt of said J. M. Allen, dated October 1, 1853, for the sum of $1,150, on account of said judgment, and tendered it to plaintiff as a compliance with said covenant, and that the plaintiff refused to accept it as such because said J. M. Allen had ceased to be administrator of Jared S. Allen. That in August, 1854, Byrne filed his final account as administrator of Dye, to which account the defendant, on behalf of Allen and in his name, filed various exceptions which were under the direction and control of the defendant. That defendant brought a suit against plaintiff in August, 1856, founded on a cause set forth. That about the 23d of December, 1856, the plaintiff proposed to defendant, that if defendant would withdraw the said exceptions to his said final account and dismiss the said suit, he would pay the demand in the latter case, and would accept the said receipt of J. M. Allen, herein above referred to, in full satisfaction and discharge of the said penal bond or agreement sued on. That defendant agreed to the proposition, and in compliance therewith did forthwith dismiss the said suit and withdraw the said exceptions, and did permit a decree to be entered confirming the said account.

The cause was tried in March, 1860, and a verdict and judgment given for the defendant.

The bill of exceptions shows that both parties were examined as witnesses. Their testimony was substantially the same, except on the point of the alleged agreement to accept the receipt

of J. M. Allen as a satisfaction of the obligation sued on, in consideration of the withdrawal of the exceptions to Byrne's final account. On that point their statements were antagonistic—the defendant testifying to the agreement as stated in the pleadings, and the plaintiff denying that any such agreement had ever been made. Both agreed, however, that J. M. Allen had ceased to be the administrator of J. S. Allen before the date of the receipt.

The court, at the request of the defendant, gave the following charge to the jury:

"If the jury believe from the evidence that the plaintiff agreed with the defendant to receive the receipt of J. M. Allen as a discharge of the obligation sued on, then they must find for the defendant, provided defendant, in pursuance of such agreement, obtained the receipt for plaintiff before suit was brought."

The plaintiff excepted to this instruction when it was given.

The errors assigned are: 1. The court erred in overruling the plaintiff's motion for a new trial. 2. The verdict of the jury was unsupported by the evidence, and contrary to the charges of the court; and 3. The court erred in giving the only charge asked by the defendant's counsel.

The two first points we are unable to notice. The only allusion found in the record on the subject of a motion for a new trial is contained in the bill of exceptions. The office of a bill of exceptions is to embody matters not otherwise belonging to the record. The judgment of the court on a motion for a new trial is not of that character, and, according to repeated decisions of this court, it must appear in the record proper, and cannot be brought before the court for revision by a bill of exceptions. The exception taken to the judgment must be so certified, but not the judgment itself.

The only question remaining is whether the instruction excepted to was proper. The objection made to this instruction is, that, inasmuch as J. M. Allen had, before it was given, ceased to be administrator of Jared P. Allen, his receipt was a nullity, and could not be available by Byrne, and that the exceptions filed in his name to Byrne's final account were without

authority, and that neither could furnish any consideration for an agreement binding on the plaintiff; and that, therefore, the agreement set up by the defendant, if made, was without consideration, and not obligatory on the plaintiff.

No instruction was asked by the plaintiff, in the court below, on the subject of the sufficiency of the consideration, or the validity of the verbal agreement, set up by the pleas as an accord and satisfaction of the covenant sued on.    The question is raised here only on the idea that the instruction given for the defendant necessarily includes in it an affirmation of the sufficiency of the consideration.    Considering it in this light, we are satisfied that the instruction was correct.

Any benefit resulting to the party promising, by the act of the promisee, is a sufficient consideration.    And it is not essential that there should be any adequacy in point of actual value, but a slight benefit will be sufficient.

So also any loss, trouble or inconvenience sustained by the promisee, at the instance of the person making the promise, will be a good consideration, although such trouble, loss or obligation be of a trifling description, provided it be not utterly worthless in law and fact; and although the person making the promise obtain no benefit or advantage from the performance of the stipulated act by the promisee.    These principles are to be found in every elementary treatise on the law of contracts.

The instruction in this case does not state the consideration of the agreement, but only presents to the jury the question whether the ageement was in fact made.    But the evidence on which the jury must have found the existence of the agreement, also showed the consideration on which it was based.    The jury could not find the agreement, without also finding the consideration; the consideration was the withdrawal of the exceptions to Byrne's final account.    It is no matter whether these exceptions were well founded, or whether they were filed by proper anthority or not. It was necessary for Byrne to get rid of them, and it was necessarily a benefit to him to have them withdrawn, and it was some trouble and inconvenience to the defendant to withdraw them.    If the jury believed the testimony of the defendant, the withdrawal of

these exceptions was a valid consideration for the agreement of the plaintiff.

The judgment of the court below will therefore be affirmed.