## H. P. Smith v. J. C. Calcote.

BILL OF EXCEPTIONS: OFFICE OF.—The scope and office of a bill of exceptions is to cause to be placed upon the records of the court, all such extrinsic matters as do not properly and necessarily form a part of the record of a cause.

SAME: MATTERS OF RECORD.—Whatever forms a part of the record of a cause cannot be certified to the High Court of Errors and Appeals through the medium of a bill of exceptions.

ERROR to the Circuit Court of Choctaw county. Hon. Wm. Cothran, judge.

*W. F. Brantley* for plaintiff in error.
*J. Niles* for defendant in error.

JEFFORDS, J., delivered the opinion of the court.

From an inspection of the files in this case it appears that there is no record of the court below in this court, except such as is contained in the bill of exceptions.

This court has repeatedly held that the scope and office of a bill of exceptions is to cause to be placed upon the record of the court all such extrinsic matters as do not properly and necessarily form a part of the record of a cause.

It is equally well settled by this court that whatever lawfully pertains to the record cannot be inserted in, or certified to this court through the medium of, a bill of exceptions. It must come and be presented through some other channel, otherwise we are precluded by numerous decisions of the court from bestowing the slightest sign of recognition by any examination whatever of its contents.

⸱ In the present case what purports to be, and doubtless was intended for the record and proceedings of the Circuit Court, turns out to be nothing more nor less than a bill of exceptions, with no portion of the original record to be found outside of it. We have no right to examine into the assignments of error in this case. *N. O. J. & G. N. R. Co.* v. *Albritton*, 38 Miss. 237. *Whitfield* v. *Westbrook*, 40 Miss. 215.

It follows that, as the entire record and proceeding of the court below have been embodied in, and brought here by the bill of exceptions alone ; and as there is nothing outside of it, we have nothing here to amend by—there is no record or part of a record upon which to base even a suggestion of diminution of record ; there is no judgment or part of a judgment upon which to predicate an affirmance or reversal ; for the reason that we have nothing before us to affirm or reverse.

We have therefore no alternative but to dismiss this cause. *Moody* v. *Nichol*, 26 Miss. 109.

The decision of this cause disposes of No. 10,630, *H. P. Smith* v. *John Riddell*, which stands in precisely the same attitude.