M. M. Scott, *Constable, et al.,* v. M. A. Brown.

No. 751.  (61 Pac. 460.)

Practice, Courts of Appeals— *Transcript — Insufficient Certificate.*  Where a case is brought to this court upon a transcript, the clerk's certificate thereto must show, in substance at least, that it is a true and complete transcript of the record of the proceedings had in such case in the district court.  A certificate which merely states that the transcript contains true and correct copies of certain papers, naming them, is insufficient.

Error from Cowley district court; J. A. BURNETTE, judge.    Opinion filed June 16, 1900.    Dismissed.

*Dalton & Dalton,* for plaintiffs in error.

*Madden & Buckman,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This was an action of replevin brought by defendant in error, as plaintiff, in the district court of Cowley county, to recover possession of certain personal property from plaintiffs in error, defendants below.

The case is brought to this court upon what purports to be a transcript of the record of the proceedings of the district court, and defendant in error contends that the clerk's certificate to such purported transcript is insufficient, and asks that the case be dismissed.    The certificate is as follows :

"I, Charles C. Craig, clerk of the district court in and for said county and state, do hereby certify that the within and foregoing is a full, true and correct copy of the petition, motion to strike out parts of petition, journal entry overruling said motion to strike out, separate demurrer of defendants, answer, journal entry of trial, verdict, motion for new trial and journal entry overruling motion for new trial in the case

of M. A. Brown *v.* M. M. Scott *et al.*, No. 8027, as the same appears of record in my office.

"In witness whereof, I have hereunto set my hand and affixed the seal of said court, at my office in the city of Winfield, this 6th day of August, 1897.

CHAS. C. CRAIG,<br>
*Clerk District Court, Cowley County, Kansas.*"

This certificate is not sufficient. The clerk merely certifies that the papers which make up the purported transcript are true and correct copies. The clerk must certify, in substance at least, that the record contains a true and complete transcript of the record of the proceedings in the case. (*Westbrook v. Schmaus*, 51 Kan. 214, 32 Pac. 892; *Heaston v. Miller*, 1 Kan. App. 157, 41 Pac. 976; *Eldridge v. Deets*, 4 Kan. App. 241, 45 Pac. 948.)

The petition in error is dismissed.