# FEATHERMAN ET AL., RESPONDENTS, v. GRANITE COUNTY, APPELLANT.

## (No. 1,605.)

(Submitted June 17, 1903.   Decided July 9, 1903.)

*Appeals—Jurisdiction of Supreme Court—Statutory Regulations—Record on Appeal — Judgment Roll—Certificate—Sufficiency—Bill of Exceptions.*

1. Under Constitution, Article VIII, Sections 2, 3, 15, the supreme court has jurisdiction to entertain appeals or writs of error only when the statutory requirements have been complied with.

2. Under Code of Civil Procedure, Section 1736, providing that on appeal from a final judgment, appellant must furnish the court with a copy of the notice of appeal, judgment roll, and bill of exceptions, or statement in the case, the presence of a copy of the judgment roll in the record is jurisdictional, and without it the court cannot consider any question on the appeal.

3. Under Code of Civil Procedure, Section 1739, providing that the copies of papers to be furnished on appeal must be certified to be correct by the clerk or attorneys, on appeal from a final judgment it must be certified that the record contains a true copy of the judgment roll.   A certificate which only states that the transcript contains true copies of certain designated papers contained in the judgment roll is insufficient.

4. The requirement of Code of Civil Procedure, Section 1736, providing that, on appeal from a final judgment, appellant must furnish the court with a copy of the notice of appeal, judgment roll, and bill of exceptions, or statement in the case, are not complied with by simply inserting in the record a copy of the bill of exceptions, or statement, even though it includes copies of all papers constituting the judgment roll.

*Appeal from District Court, Granite County; Welling Napton, Judge.*

ACTION by John A. Featherman and James B. Featherman against Granite County.   From a judgment for plaintiffs, defendant appeals.   Dismissed.

*Mr. H. W. Rodgers,* and *Messrs. Durfee & Brown,* for Appellant.

*Messrs. Toole & Bach,* for Respondents.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

Appeal from a final judgment. The record consists only of a statement on motion for a new trial, the journal entry overruling such motion, the notice of appeal from the judgment, and the certificate of the clerk of the court. Incorporated in this statement are copies of the pleadings, the decision of the court, and the judgment appealed from. It does not purport to contain any separate transcript or copy of the judgment roll in the case.

Respondents suggest that the record does not contain the judgment roll properly certified, and this question must be first considered.

The appellate jurisdiction of the supreme court is given by the Constitution in the following language: "The supreme court, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which shall be coextensive with the state, and shall have a general supervisory control over all inferior courts, under such regulations and limitations as may be prescribed by law." (Article VIII, Sec. 2.) "The appellate jurisdiction of the supreme court shall extend to all cases at law and in equity, subject, however, to such limitations and regulations as may be prescribed by law." (Article VIII, Sec. 3.) "Writs of error and appeals shall be allowed from the decisions of the said district courts to the supreme court under such regulations as may be prescribed by law." (Article VIII, Sec. 15.) The limitations which "may be prescribed by law," mentioned in Section 3, *supra,* refer to statutes in existence at the time of the adoption of the Constitution, and adopted by the schedule which is a part thereof, or statutes thereafter to be passed, specifying under what limitations appeals may be taken. The regulations which "may be prescribed by law," mentioned in each of these sections, also refer to statutes adopted or to be enacted, as above stated, providing the methods by which appeals and proceedings upon writs of error may be per-

fected. These clauses have been considered by the court in the following cases: *State ex rel. Whiteside* v. *First Judicial District Court,* 24 Mont. 539, 63 Pac. 395; *Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829; *Finlen* v. *Heinze,* 27 Mont. 123, 70 Pac. 517.

It is, therefore, clear that, unless an appeal or writ of error is within the limitations prescribed in these statutes and perfected according to the regulations provided thereby, the court has no jurisdiction to entertain it. Therefore, to determine whether it has jurisdiction of an appeal or writ of error in any case, we must consider and determine at least two things: (1) Whether the appeal or writ of error is within the limitations prescribed by the statute; (2) whether the appeal or writ of error is perfected in accordance with the regulations provided by the statutes; and, possibly, a third, whether, in special cases where no specific method is provided by the statute for the perfection of an appeal, the court will entertain it, under its constitutional jurisdiction, and apply the provisions of statutes providing methods for perfecting appeals in analogous cases, or fix a method by order or rule of court.

There is no doubt but that an appeal from a final judgment is provided for by the Constitution. It is also clear that this is not a special case or proceeding, from which an appeal is given by the Constitution, and no method provided by statute for its perfection. Therefore we need only consider the proposition whether, in taking the appeal in this case, the regulations prescribed by law have been followed. The methods of taking appeals, being statutory and jurisdictional, must be followed, in order to give this court jurisdiction to entertain the appeal. (*Washoe Copper Co.* v. *Hickey,* 23 Mont. 319, 58 Pac. 866; *Creek* v. *Bozeman Water Works Co.,* 22 Mont. 327, 56 Pac. 362.)

An examination of the record in this case discloses the following facts:

1. The certificate by which the record is authenticated is in the following form: "I, A. A. Fairbain, clerk of the district

court of the Third judicial district of the state of Montana, in and for the county of Granite, hereby certify that the foregoing transcript contains full, true and correct copies of the following papers in cause No. 377, entitled 'John A. Featherman and Jas. B. Featherman v. Granite County, Montana,' viz.: Statement on motion for new trial; bill of exceptions; amended complaint; answer to amended complaint; certificate of stenographer; decision of court; judgment; notice of intention to move for new trial; stipulation; journal entry; notice of appeal—as the same appear of record in my office." As above stated, all papers specified in this certificate, except the journal entry and notice of appeal, are included in the statement on motion for a new trial, and not otherwise inserted. This certificate does not assume to certify that the record transmitted contains a copy of the judgment roll as such. So far as the authentication is concerned, there may have been other papers on file or of record, which are necessarily parts of the judgment roll, under the provisions of Section 1196, Code of Civil Procedure. Under these circumstances, is the court to indulge the presumption that there are no other such papers?

Section 1736 provides that, "on an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement in the case, upon which the appellant relies. Any statement used on a motion for a new trial may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing a new trial." The presence of a copy of the judgment roll in the record is jurisdictional. If it does not appear, the court cannot consider any question upon the appeal. Shall we presume jurisdiction exists, or must it be shown? If the existence of any jurisdictional fact is to be presumed, why might not the same presumption, based upon the same reasoning, be extended to all jurisdictional facts? At what point can the court "draw the line?" The judgment roll provided for by the statute, while consisting of several distinct and separate papers, is an *entity;* and it is a certified copy of

this entity which Section 1736 requires as a part of the record on appeal. There is no method by which the court can satisfy itself that this entity is included in the record, save by the certificate of the clerk or attorneys attached thereto.

We recognize the proposition that a clerk's decision as to what papers constitute the judgment roll would not be binding upon the court. The statute designates what it shall contain. The requirements of Section 1739, Code of Civil Procedure, must be complied with by the clerk or attorneys, who must certify that the record contains a true copy of the judgment roll. If the record is in fact deficient through error of the clerk, any party to the appeal may suggest diminution thereof, and have it corrected.

The rule is well settled that, where the statute requires the entire record of the court below to be certified to the supreme court, a certificate which only states that the transcript contains true copies of certain designated papers is insufficient. (*Westbrook* v. *Schmaus,* 51 Kan. 214, 32 Pac. 892; *Byers* v. *Leavenworth Lodge,* 54 Kan. 321, 38 Pac. 302; *Cook* v. *Challis,* 55 Kan. 363, 40 Pac. 643; *Tod* v. *Gurney Ranch Co.* (Kan. App.) 53 Pac. 789; *Barger* v. *Sample* (Kan. Sup.) 64 Pac. 1026; *Scott* v. *Brown,* 9 Kan. App. 870, 61 Pac. 460.)

We therefore conclude that the certificate attached to the record herein is insufficient to show that the record contains a true copy of the judgment roll.

2.  As above shown, this record does not assume to contain a transcript of the judgment roll, otherwise than by copies of certain parts thereof, included and embodied in the statement on motion for a new trial. We do not think this is a sufficient certification. The judgment roll consists of such papers as constitute the record of the case in the court below. It should contain only such papers as the statute makes a part of that record.

The purpose of a bill of exceptions or statement on motion for a new trial is to enable the party who obtains a settlement of the same to make something a part of the record of the court which was not of record before. When we consider this pur-

pose, we can but conclude that the papers which form the judgment roll, being already records of the court, have no place in a statement on motion for a new trial or bill of exceptions. No purpose can be served by their insertion, and, when made, they amount to nothing more than mere recitals that such papers and orders exist.

As before suggested, Section 1736 provides that the record on appeal from a final judgment must contain a copy of the notice of appeal, of the judgment roll, *and* of any bill of exceptions or statement in the case upon which the appellant relies. If it must contain a copy of the judgment roll *and* a copy of any bill of exceptions or statement in the case, its language cannot be satisfied by simply inserting in the record a copy of the bill of exceptions or statement in the case, even though it includes copies of all papers which constitute the judgment roll. It is impossible, when the statute requires two separate matters to be placed in the record and certified, that its requirements can be satisfied with the furnishing of one only, even though that one may include all the papers comprised in the other. The Constitution having provided that appeals may be taken under such "regulations as may be prescribed by law," and the law having prescribed regulations for such purpose, these regulations, for the purposes of construction, must be treated as though set forth in, and made a part of, the Constitution. They therefore become "mandatory and prohibitory."

A copy of the judgment roll cannot be properly furnished to the supreme court in the statement or bill of exceptions. (*Moody* v. *Nichol,* 26 Miss. 109; *Smith* v. *Calcote,* 41 Miss. 656; *Byrne* v. *Cummings,* 41 Miss. 192; *Tunno* v. *International, etc. Ry. Co.,* 34 Fla. 300, 16 South. 180; *Van Horne* v. *Henderson,* 37 Fla. 354, 19 South. 659; *Curran* v. *Foley,* 67 Ill. App. 543; *New Orleans, etc. R. R. Co.* v. *Albritton,* 75 Am. Dec. 98; *Northrop* v. *Jenison,* 12 Colo. App. 523, 56 Pac. 187.)

It therefore appears that the "regulations prescribed by law," whereby an appeal may be brought to the supreme court, have

not been complied with, and that the court is without jurisdiction to entertain the appeal or consider the case.

We advise that the appeal be dismissed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the appeal is dismissed. It is not, however, without some reluctance that the court feels compelled to announce the conclusion therein stated, because an examination of the records on appeal now filed in this court discloses that many attorneys have fallen into the same error as appellant in this case. The point having been made in the argument, and directly presented, it became the duty of the court to consider and decide it. The conclusion of the commissioners is clearly in accord with the provisions of the statute, and the cases construing them. But this conclusion need not necessarily work injustice in any case to be hereafter submitted, for the reason that counsel may, upon timely application to the court, and upon suggestion of diminution, amend their records, so that the jurisdiction of the court will properly attach.

MR. JUSTICE HOLLOWAY: For the reason that it does not appear that the record contains a copy of the judgment roll, I concur in the order of dismissal.