BUTTE MINING & MILLING COMPANY, APPELLANT, *v.* KENYON ET AL., RESPONDENTS.

(No. 1,866.)

(Submitted April 21, 1904. Decided May 6, 1904.)

*Appeal—Record on Appeal—Conflicting Evidence — Instructions—Judgment Roll — Brief — References to Record— Rules of the Supreme Court.*

1. The evidence being conflicting, its sufficiency to sustain the verdict or judgment will not be considered on appeal.
2. The instructions, which are a part of the judgment roll, not appearing therein, as it is certified, but being merely in the statement on motion for a new trial, cannot be considered.
3. Assignments of error upon the admission or rejection of testimony, not presented in appellant's brief in accordance with the requirements of the Rules of the Supreme Court, will not be considered by the court.

ON MOTION FOR REHEARING.

1. Where there is a substantial conflict in the evidence, the supreme court, on appeal, will not reverse the judgment of the lower court on the ground of alleged insufficiency of the evidence.

2.  The statutory steps necessary to perfect an appeal are jurisdictional, unless they are taken as provided by the statute, the supreme court has no power to consider the case.

3.  Though the preparation of the record to present to the supreme court is not a jurisdictional matter, nevertheless a substantial compliance with the statute in this respect is necessary to present alleged errors for review, hence where instructions on appeal do not appear in the judgment roll, but merely in the statement on motion for a new trial, they cannot be considered.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by the Butte Mining & Milling Company against W. R. Kenyon and others. Judgment for defendants. From the judgment, and from an order overruling plaintiff's motion for a new trial, plaintiff appeals. Affirmed.

*Messrs. McBride & McBride,* for Appellant.

"In every lease there is, unless excluded by the operation of some express covenant or agreement, an implied obligation on the part of the lessee to so use the property as not unnecessarily to injure it, or, as it is stated by Mr. Comyn, 'to treat the premises demised in such manner that no injury be done to the inheritance, but that the estate may revert to the lessor undeteriorated by the wilful or negligent conduct of the lessee.' (Com. Land. & Ten. 188.) This implied obligation is part of the contract itself, as much so as if incorporated into it by express language. It results from the relation of landlord and tenant between the parties which the contract creates. (*Holford* v. *Dunnett,* 7 M. & W. 352.) It is not a covenant to repair generally, but to so use the property as to avoid the necessity for repairs as far as possible. (*Horsefall* v. *Mather,* 7 Holt, 9; *Brown* v. *Crump,* 1 Marsh, 569.") (*United States* v. *Bostwick,* 94 U. S. 65.) The above case is cited and relied upon in *Carlin* v. *Ritter,* 68 Md. 482, 6 Am. St. Rep. 469, 13 Atl. 372, holding removal of fixtures constitutes waste. In *Chalmers* v. *Smith,* 152 Mass. 564, 26 N. E. 96, 11 L. R. A. 771, holding tenant liable for damage to barn caused by care-

less stowage. In *Warder* v. *Henry,* 117 Mo. 545, 23 S. W. 780, holding carelessly allowing stock to destroy fruit trees is waste. In *Powell* v. *Dayton, etc. R. R.,* 16 Ore. 36, 41, 8 Am. St. Rep. 254, 259, 16 Pac. 864, 867, holding fact that tenant holds with privilege of purchasing does not affect liability. Upon this subject see, also: *Newbold* v. *Brown,* 41 N. J. Law, 266; *Stevens* v. *Pantling,* 49 N. W. Rep. 607, S. C. 87 Mich. 476; *Setvens* v. *Pantling,* 54 N. W. Rep. 716, S. C. 95 Mich. 145; *Wilcox* v. *Cate,* 26 Atl. 1105, S. C. 65 Vt. 478.

There is no more familiar principle in the law of evidence than that the opinion of witnesses is generally irrelevant. *Omni sacrementum esse certae scientiae.* (Jones on Evidence, Secs. 361, 5; *Duer* v. *Allen,* 64 N. W. 683, S. C. 96 Iowa, 36; *Ross* v. *B. & W. Ry. Co.,* 88 Mass. 92.)

Instruction No. 8 is incorrect for the reason that it is not the law, it being the law of Montana that plaintiff in such a case would be entitled to recover as against the defendants who had entered into the contract of lease set out in the complaint. The instruction, perhaps, accords with the law as it was before it was changed by statute. The statute in force at the time of the making of the lease was Section 1296, appearing on page 1006 of the Compiled Statutes of Montana, and is as follows: "All joint obligations and covenants shall hereafter be taken and held to be joint and several obligations and covenants." The same section was continued in force by the Code, and constitutes Section 1941 of the Civil Code of Montana. The law as it now exists is announced in the case of *Sabin* v. *Michell,* 39 Pac. 635, S. C. 27 Ore. 66.

*Mr. Charles R. Leonard,* and *Mr. L. J. Hamilton,* for Respondents.

The decisions of this court on appeals involving the consideration by this court of questions of evidence are very clear to the effect that where there is a substantial conflict in the evidence the decision of the court below will not be disturbed, and we cite on this point the following decisions: *Sweeney* v. *City*

*of Butte,* 15 Mont. 274; *Murray* v. *Heinze,* 17 Mont. 333;
*Patten* v. *Hyde,* 23 Mont. 23; *Nyhart* v. *Pennington,* 20 Mont.
158; *Ray et al.* v. *Cowan,* 18 Mont. 259; *Harrington* v. *B. &
B. Co. et al.,* 19 Mont. 411; *Baxter* v. *Hamilton,* 20 Mont. 327;
*State* v. *Foster,* 26 Mont. 71; *Hamilton* v. *Nelson,* 22 Mont.
539; *Schatzlein Paint Co.* v. *Passmore,* 26 Mont. 500.

MR. COMMISSIONER CLAYBERG prepared the follow-
ing opinion for the court:

## STATEMENT.

Appeal from judgment in favor of defendants, and order
overruling plaintiff's motion for a new trial.

On and prior to May 8, 1894, the plaintiff was the owner
and in possession of a certain quartz mill and machinery. On
this day defendants went into possession under an agreement
with plaintiff for the use thereof upon a stipulated rent. After
the defendants had been in possession for some months, and
on the 28th day of September, 1894, the mill was destroyed by
fire.

Plaintiff brings this suit for the purpose of recovering the
value of the mill, and states his cause of action in two separate
counts. In the first count he alleges that defendants did will-
fully and recklessly place a damper in the smokestack connected
with the fire box and combustion chamber, and did willfully
and recklessly close such damper, which had the effect of forcing
the fire products through cracks in the lining of the fire box
and combustion chamber, and setting fire to the mill. The
second count is based upon the alleged provisions of an oral
lease, that defendants should return the mill in good condition
and repair at the end of the term, and that through their negli-
gence (alleged practically in the same manner as the negligence
alleged in the first count) the mill was destroyed, causing a
breach of the covenant of the lease, which rendered the defend-
ants liable for the value of the mill.

## Insufficiency of the Evidence.

We have carefully examined the record in this case, and, after such examination, are convinced that testimony was offered by defendants tending to contradict all the allegations of the complaint in regard to the negligence alleged in the first count, and in regard to the terms of the lease alleged in the second count thereof. The evidence in the case is very conflicting, and it would serve no useful purpose to enter into a discussion of it in this opinion. The rule of law in this jurisdiction is well settled, that where the evidence is conflicting this court will not consider the question of its insufficiency to sustain the verdict or judgment. (*Nelson* v. *Great Northern Ry. Co.*, 28 Mont. 297, 72 Pac. 642; *Hefferlin* v. *Karlman*, 29 Mont. 139, 74 Pac. 201.)

## Errors in Instructions.

Counsel for appellant assigns error to the giving of certain instructions requested by respondents. These errors cannot be considered, for the reason that the instructions excepted to are not before us. Instructions are a part of the judgment roll. (Section 1196, Code of Civil Procedure.) The judgment roll must be certified to this court as an entirety. (*Featherman* v. *Granite County*, 28 Mont. 462, 72 Pac. 972.) These instructions do not appear in the judgment roll as certified to this court, but in the statement on motion for a new trial. This is insufficient. (*Featherman Case, supra.*)

The clerk of the court below, in his original authentication of the record, did not certify that it contained copies of the instructions. After the hearing of the case, counsel presented an amended certificate of the clerk, and asked that it be attached to the transcript on file. By this amended certificate the clerk certifies that the transcript contains "a true, correct and complete transcript" of certain papers (naming them), and then continues, "with instructions given in said cause, and contains all the papers which constitute and are included in the judgment roll in said action."

Aside from the sufficiency of this paper as a certificate under the provisions of our statute, which we do not find necessary to decide, and aside from the question whether or not it is presented to this court in such a manner as to be received, of which we have very serious doubt, but which we do not decide, this amended certificate does not in any way or manner aid the transcript in the defect above mentioned.

ERRORS IN THE ADMISSION AND REJECTION OF TESTIMONY.

Paragraph "c," Subd. 3, Rule X, of this court provides that the brief shall contain "a brief of the argument, exhibiting a clear statment of the points of law or fact to be discussed, with a reference to the page of the record, and the authorities relied upon in the support of each point." Appellant's brief contains fifty-two specifications of error, all of which are commented upon in the argument. The argument covers twenty-nine pages of the printed brief, and in only two instances is there any reference made to the page of the record, and these references are upon alleged errors which are immaterial. The record consists of 171 pages of printed matter. This court will not spend the time searching the record for errors when no reference is made thereto as provided by its rules.

Therefore the assignments of error upon the admission or rejection of testimony are not presented to this court, within the purview of the rule above announced, and will not be considered by the court.

We advise that the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.

## ON MOTION FOR REHEARING.

(Decided June 13, 1904.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

1.    Appellant has submitted a motion for rehearing herein, in which complaint is made that certain facts appearing in the record were not given due weight in determining the question of the sufficiency of the evidence to sustain the verdict. The criticism of the commissioners' opinion seems to be founded upon the presumption that, as these facts are not set forth particularly in the statement of the case, they were overlooked by the commissioners and by the court. This was not the case. There is a substantial conflict in the evidence. This being so, this court had to accept the opinion of the district court thereon, and refuse to reverse the judgment on the ground of alleged insufficiency of the evidence. This court does not usually in such cases undertake in its opinion to set forth an analysis of the evidence for the purpose of pointing out the conflict, as this course serves only to encumber the reports, and involves a useless expenditure of time and labor.

2.    The appellant alleges surprise at the action of the court in refusing to consider the instructions. Counsel say that the court permitted the certificate of the clerk of the district court to be amended at the hearing so as to show that the transcript contains a copy of the judgment roll, and that they would have amended the transcript so as to complete the judgment roll, upon an intimation that it did not contain a complete copy. They also say that they had gained the impression from an intimation by one of the justices that the strict rule of the case of *Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972, would not hereafter be followed, and that it was followed in this case is alleged as a second distinct ground of surprise.

As to the first allegation of surprise, it is sufficient to say that the court cannot, during a hearing, examine the record to determine which of the questions argued by counsel are properly presented by it. It is no part of the court's duties to do this at that time, as its attention is then absorbed in following counsel through the course of their argument.

Touching the rule laid down in *Featherman* v. *Granite County, supra,* as to how the record should be made up, the

only modification that the court has made of it is stated in the
case of *Glavin* v. *Lane,* 29 Mont. 228, 74 Pac. 406, in which
the use of the word "jurisdiction," used in *Featherman* v.
*Granite County,* is criticised and limited in its application in
its strictly technical sense to the steps necessary to perfect the
appeal. These steps are jurisdictional, and, unless they are
taken as provided by the statute, this court has no power to
consider the case. The preparation of the record to present to
this court is not a jurisdictional matter. Nevertheless the di-
rections of the statute must be substantially pursued, in order
to present alleged errors for review. Section 1196, Code of
Civil Procedure, directs what the judgment roll shall contain.
This section, read in the light of Section 1151 and Section 1080
as amended by the Act of 1897 (Sess. Laws 1897, p. 241),
leaves no doubt as to what papers shall be included. Sections
1736 and 1738 are equally clear as to what the record presented
to this court on appeal from a judgment or an order denying a
new trial should contain, as well as the order in which they
should appear. It is not proper to incorporate the judgment
roll in the statement or bill of exceptions, and undertake in this
way to get it before this court. The statement or bill should not
include any of the papers which properly belong to the judgment
roll. This is clearly stated in *Featherman* v. *Granite County,*
*supra.* The judgment roll should be certified up as a separate
entity. If the record is made up in accordance with the statu-
tory direction, this court can then readily turn to any portion
referred to or desired. The question sought to be presented is
then presented as the statute requires. A substantial departure
from the statutory directions destroys any semblance of uni-
formity in practice. For one substantial departure is no more
important than another, and, if an observance of the provisions
of the statute may be omitted in one substantial particular,
they may be disregarded altogether, as was frequently the case
prior to the decision in *Featherman* v. *Granite County, supra.*

This court has never intended that the profession should
understand that a strict, technical compliance with the statute

would be required. So long as a substantial compliance is apparent, this court will proceed to determine all questions properly raised by the record. If, for instance, the record contains the pleadings and a judgment as a separate entity purporting to be the judgment roll, the merits of the case, so far as the judgment roll as made up will permit, will be considered without question whether all the papers are in the roll which the statute requires should be there. To illustrate: If it be sought to have this court review the action of the district court upon a demurrer to the complaint, and the judgment roll contains the demurrer, with the order disposing of it, this court will consider that question, notwithstanding the fact that the instructions may not be incorporated in the judgment roll. In the same way, it will consider the merits of the instructions, if they are found in the judgment roll, notwithstanding demurrers and the orders disposing of them, and like matters, may be omitted. The provisions of the statute direct how and in what form the evidence of what took place in the district court shall be presented to this court, and the sooner counsel learn that these provisions are to be followed as the correct rule of practice, instead of the loose methods which have hitherto prevailed, the better it will be for counsel and litigants. This course will necessarily lessen the labors of this court. In this case what purports to be a copy of the judgment roll is in the record as a separate entity, but no instructions are incorporated therein, and there is no legal evidence before this court that any were in fact given. In the statement, where they should not be, are found what are alleged to be the instructions. They were not considered for this reason. In view of the fact that what may be the judgment roll appears in the transcript in the proper place, we considered the only question which was properly presented.

3. Under a strict application of the rule relative to briefs, the judgment and order should have been affirmed without considering the merits at all. Besides the defects pointed out in the commissioners' opinion, there are others which render the

brief of no aid in the examination of the somewhat voluminous record, owing to the fact that in its preparation counsel failed to observe the rule, by not pointing out where in the record the matters illustrating the exceptions taken and reserved can be found.

The motion for rehearing is denied.

*Denied.*